THE HARRISON WIRE COMPANY v. OSCAR F. MOORE.

*Corporations—Powers—Set-off—Depositions.*

1. In an action brought by a corporation called The Harrison Wire Company a claim of set-off was based on transactions connected with its manufacture of a quantity of wire fencing. · *Held*, that as there could be no legal presumption that the corporation was not authorized by its charter to go into any branch of the wire business, the action of its president and secretary was presumptively valid to ·bind it by such dealings.

2. Official statements and business correspondence as to the dealings of a corporation with the party to whom they run are corporate and not private acts, and admissible in proof of such dealings in an action between the parties, if material thereto; and this, though signed only by the name or initials of the secretary of the corporation.

3. Money had and received is a proper basis of set-off. So *held* where plaintiff was to collect royalty on manufactures. the profits of which both parties were to share, and ·returned an item of royalty actually collected so that defendant was compelled to advance the amount to the patentee.

4. Answers to written interrogatories are properly stricken from a deposition which shows that they were based on hearsay; and where the interrogatories do not 'appear, an appellate court cannot assume that they warranted the answers.

Error to St. Joseph.    (Pealer, J.)    Jan. 7.—Jan. 14.

ASSUMPSIT.    Plaintiff brings error.    Affirmed.

*David Knox, Jr.* for appellant.

*Howell, Carr & Barnard* for appellee.    The president and secretary of a corporation are the officers presumably empowered to make ordinary agreements: *Fitch v. Constantine Hydraulic Co.* 44 Mich. 74; and the corporation is bound by their acts: *Cahill v. Kal. Mutual Ins. Co.* 2 Doug. (Mich.) 124; the statements and letters of the secretary of the company regarding transactions with another are binding upon it: *Canadian Bank v. Coumbe* 47 Mich. 358–365; *First Baptist Church v. Brooklyn Fire Ins. Co.* 18 Barb.

69; *Troy Fire Ins. Co. v. Carpenter* 4 Wis. 20–28; any demand coming within the statutes that can be sued upon may be set off: *Wallace v. Finnegan* 14 Mich. 170; *Willard v. Fralick* 31 Mich. 431.

CAMPBELL, J.   Plaintiff sued defendant on an acceptance given for wire purchased by the latter, and its correctness was not disputed.   The defense was by way of set-off and arose out of an alleged transaction whereby defendant, who had a license to make 251 tons of patent barbed-wire fencing, agreed with plaintiff that the latter should furnish plain wire at the lowest market price and have it made into barbed fencing and sell it and divide the profits, collecting the stipulated royalty from the purchasers.   One item consisted of royalty actually collected from a purchaser, which plaintiff refunded, and defendant was himself obliged to advance to the patentee.   The jury found in favor of defendant's set-off, and plaintiff brings error.

Several of the errors assigned depend on similar principles and may be dealt with together.   Considerable time was spent in the argument upon the supposed immateriality of certain testimony based on the claim that the plaintiff was not engaged in making barbed wire, and its officers did not bind it by dealings on that footing.   We can see no force in this claim.   There can be no legal presumption that plaintiff was not authorized by its charter to enter into any branch of business connected with the wire industry.   And if this is so, then the action of the president and secretary must be presumed valid.[1]   The exhibits to which objection was made, signed by the plaintiff's officers, are in our opinion very clearly corporate and not private acts and statements, and furnish the plainest evidence of the dealings set up by defendant.   They are certainly material if the business could lawfully be done, and of this we have no doubt.

---

[1] The exhibits consisted of statements of amounts due for manufactured wire and of correspondence between the parties relating thereto.   These documents were sometimes signed with the name of the company and that of the secretary was added with his title, and sometimes only by his name or initial.

It is unfortunate that the witnesses are so directly at variance upon the facts, but these documents corroborate strongly defendant's showing and were properly received for that purpose. And they bore directly in some instances on questions of price and value.

The objection that defendant did not appear to have sufficient acquaintance with values seems to us unfounded. His knowledge is clearly shown.

The item of royalty refunded was we think a proper charge, and is shown by one of the exhibits. The testimony of defendant shows, if believed (and the jury believed it), that the plaintiff agreed to collect the royalty on all sales, and that the right to use the patent involved this royalty. When they collected it they became responsible for it as money had and received, which is a proper basis of set-off. Whatever may be the case of a mere failure to collect, upon a defense of set-off, money actually received is within the rule. And it was competent, although perhaps not necessary, for defendant to show that he himself paid the royalty out of his own money. If he paid too much (of which we find no evidence), it was a matter easily computed. But the testimony was properly before the jury.

We do not think there was any error in striking out answers to written interrogatories which, from the whole deposition, were evidently based on hearsay. Taking the entire answers into account we think this defect appears. Neither can we see what legitimate effect the testimony could have which relates to an alleged division of profits out of business of another corporation. It was properly open to testimony to determine between the disputing witnesses whether the contract was made by one or another company. But this must be done by witnesses having knowledge. As the interrogatories do not appear, we cannot assume that the witnesses were legitimately called on to answer as they did concerning these profits; and the answers, even if called for, are too vague to be of any value as evidence. But we do not see their relevancy.

The court did not neglect to charge upon any of the mat-

ters brought to its attention by plaintiff's requests, so far as appropriate, and the charges given covered the whole ground and were in accordance with the views before referred to. Some criticism is made on the reference by the court to a particular sum of money for allowance, as an interference with the province of the jury. But a reference to the charge shows that the jury received full instructions as to their own duty, and that the remark in question was given merely by way of illustration, and from abundant caution they were told not to accept it for any other purpose. The charge was clear and very fair in all respects.

There is no error in the record, and the judgment must be affirmed.

The other Justices concurred.